CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 7 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN D. MEADOWS, | Civil Action No. 5:10CV00022 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Honorable Glen E. Conrad Chief United States District Judge |
| Defendant. | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to §205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, John D. Meadows, was born on September 24, 1971, and eventually completed the eighth grade in school. Mr. Meadows has past relevant work experience as a mason. He last worked on a regular and sustained basis in 2007. On August 7, 2007, plaintiff filed an application for a period of disability and disability insurance benefits. Mr. Meadows alleged that he became disabled for all forms of substantial gainful employment on February 26, 2007 due to lower back problems. Plaintiff now maintains that he has remained disabled to the present time. The record

reveals that Mr. Meadows met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Meadows' claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 21, 2009, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Meadows suffers from severe impairments on the bases of degenerative disc disease and obesity. Because of these problems, the Law Judge held that plaintiff is disabled for his past relevant work as a mason. However, the Law Judge determined that Mr. Meadows retains sufficient functional capacity for a full range of sedentary exertion. The Law Judge applied the medical vocational guidelines and concluded that Mr. Meadows possesses sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. See 20 C.F.R. § 404.1569 and Rule 201.25 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. Accordingly, the Law Judge ultimately concluded that Mr. Meadows is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). Having exhausted all available administrative remedies, Mr. Meadows has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's

education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The medical record indicates that Mr. Meadows has suffered from chronic low back pain for almost all of his adult life. His condition worsened in the spring of 2007, and he underwent back surgery on May 8, 2007. At that time, his diagnoses were as follows:

1. L5-S1 grade 2 spondylolisthesis.
2. Lumbar spondylolysis.
3. Lumber instability.
4. Lumbar sciatica.
5. Lumbar degenerative disk disease.
6. Neuroforaminal stenosis.
7. Chronic lower back pain.

(TR 205). In his operative reports, the orthopaedic surgeon, Dr. O. A. Danisa, reported completion of the following procedures:

1. Posterior L5 through S1 Gill decompression procedure.
2. Posterior L4-L5 laminectomy, foraminotomy, facetectomy.
3. L4 through S1 posterior segmental instrumentation using the Revere pedicle screw system titanium by Globus Medical.
4. Reduction of lumbar spondylolisthesis from a grade 2 to a grade 1.
5. Posterior L4-L5 intertransverse fusion.
6. Posterior L5-S1 intertransverse fusion.
7. Autogenous bone graft harvest using spinous process.

(TR 205).

In the weeks following the surgery, Mr. Meadows' condition was said to have improved. (TR 183). However, plaintiff's symptoms gradually recurred, and he was referred to several different pain management centers and physical therapy programs. In November and December of 2007, Mr.

3

Meadows underwent steroid injections in an attempt to control his symptomatology. However, plaintiff reported only temporary relief following the procedures. In April of 2008, Dr. Danisa, referred plaintiff to the University of Virginia Pain Management Center. At the time of the initial evaluation, Dr. Kevin Vorenkamp summarized Mr. Meadows' status as follows:

> At today's presentation, Mr. Meadows complains of pain 5/10 in intensity. He describes a longstanding history of chronic low back pain, which is exacerbated from his employment as both a mason and a carpenter. He states that while shoveling snow in February 2007, he had increase in his low back pain. He was subsequently evaluated initially by Primary Care Services and followed by Orthopedic Services and found to have lumbar instability secondary to grade 2 lumbar spondylolisthesis as well as underlying lumbar stenosis. He underwent a L4 through S1 posterior spinal fusion decompression and interbody fusion as well as placement of pedicle hardware on May 2007 by Dr. Danisa of Orthopedic Services. Mr. Meadows unfortunately had had unresolving pain both before and since his surgery.
>
> Mr. Meadows has subsequently been evaluated by 2 Pain Centers, one in Weyers Cave and one in Winchester, Virginia. He received epidural steroid injections x2. He obtained 2 weeks of pain relief with each injection with full return of his baseline pain. He did not receive a third injection secondary to poor response to the first 2 injections. At both Pain Centers, it was finally recommended that Mr. Meadows undergo consideration for spinal stiumlator. He has also tried nonsteroidals and muscle relaxants including Flexeril, chiropractic treatment, and physical therapy treatment including stretching and icing as well as Neurontin recently with poor diminution of his low back pain. Of note, while on Neurontin, Mr. Meadows noted increase in weight from 267 to 300 pounds. He further became sweaty and was otherwise felt that Neurontin regimen was ineffective. He does not remember the dose or frequency of his Neurontin regimen.
>
> As stated, the patient complains of pain 5/10 in intensity. He describes chronic low back pain with radiation down both of his legs in the posterior distribution. He describes the pain as an aching, sharp, and shooting pain. It is increased with movement and further radiates into the right groin as well as down both posterior legs. Pain is made worse with any movement at all, especially extension of his back, and pain is improved only with change in positions in his sitting chair.
>
> On review of systems, the patient states he formerly weighed 115 pounds just over a year ago. He now weighs 297 pounds. He feels sedentary and mildly depressed. He is out of work. He otherwise denies fevers, chills, nausea, vomiting, changes in bowel or bladder habit, other joint pain, joint swelling, muscle aches, or pains. He

denies respiratory symptoms such as chronic cough or shortness of breath. Denies cardiovascular symptoms such as chest pain or palpitations. He denies neurologic symptoms otherwise such as numbness, tingling, dizziness, lightheadedness, loss of consciousness, stroke, or seizures. Denies heat or cold intolerance, easy bruising or bleeding. When questioned, all other organ systems are reported as negative except as stated above.

(TR 346-47). Dr. Vorenkamp and his associates offered the following diagnoses:

1. History of grade 2 lumbar spondylolisthesis at L5 and S1 as well as history of lumbar spinal stenosis. The patient is status post posterior spinal fusion and instrumentation on May 2007.
2. Lumbar myofascial pain syndrome.
3. Lumbar facet arthropathy.
4. Bilateral lower extremity radiculopathy of S1 nerve root distribution.

(TR 348). The pain clinic staff scheduled Mr. Meadows for bilateral diagnostic medial branch block above the area of his fusion. Mr. Meadows requested a second surgical procedure on April 29, 2008. (TR 343). The branch block was performed that same day. On July 25, 2008, it was noted that the medial branch block denervation had been unsuccessful, and that the second phase of the procedure would not be conducted. Mr. Meadows was continued on pain medication.

Mr. Meadows testified at the administrative hearing on July 20, 2009. Plaintiff testified that his surgery was not successful, in that he has the same symptoms since the surgery as before. (TR 37-38). Indeed, Mr. Meadows testified that his symptoms have actually worsened because he has a lot more trouble with his legs. (TR 38). His pain extends to his testicles. (TR 38). He uses a cane to walk. (TR 38). He has undertaken all the treatment measures recommended by his physicians in an attempt to control his pain. (TR 38). He was taking methadone for pain control at the time of the hearing, though the medication provides "very little" relief. (TR 40). He experiences pain in his lower back and both lower extremities. (TR 40). He spends most of his day sitting in a chair and

laying in a bed. (TR 41). He is unable to remain in one position for more than about fifteen minutes. (TR 43). He is unable to tie his shoes. (TR 44).

By way of opinion evidence, Dr. Danisa has reported on several occasions that Mr. Meadows is totally disabled. In responding to written questions from plaintiff's attorney, Dr. Danisa indicated on May 21, 2008 that Mr. Meadows' condition meets listing 1.04 of Appendix 1 to Subpart P of the Administrative Regulations Part 404.[1] (TR 333). Dr. Danisa stated that plaintiff's chronic back pain is severe and that it prevents performance of any gainful employment activity. (TR 333).

The Administrative Law Judge relied on reports from nonexamining state agency physicians in concluding that Mr. Meadows does not suffer from a listed impairment, and that he retains sufficient physical capacity for sedentary levels of exertion. The Law Judge interpreted the medical evidence to indicate that, since the surgical intervention, plaintiff's physical manifestations have not been so severe as to render him totally disabled. As for plaintiff's complaints of disabling pain, the Law Judge ruled as follows:

> The claimant has described extreme limitations in his activities of daily living; however, the medical evidence does not support a finding that the claimant's impairments are as severe as he alleges. Moreover, diagnostic testing has revealed minimal degenerative changes in his lumbar spine and has failed to provide objective support for an impairment that can reasonably produce the extent or intensity of the claimant's expression of subjective pain.

(TR 15).

The court concludes that there is substantial evidence to support the Law Judge's finding that Mr. Meadows does not suffer from a listed impairment under Rule 1.04 of Appendix 1. Dr. Danisa's

---

[1] If a claimant suffers from a listed impairment, the claimant is deemed under the Administrative Regulations to be disabled without consideration of factors such as age, education, and prior work experience. See 20 C.F.R. § 404.1520(d).

6

opinion regarding the presence of a listed impairment is not overly detailed, and does not include documentation of such levels of nerve root compression, motor loss, arachnoiditis, or stenosis as are required under the listing. Moreover, the Administrative Law Judge reasonably relied on the opinions of the state agency physicians in concluding that the very objective requirements of the listing are not present in Mr. Meadows' case.

On the other hand, the court does not believe that the Law Judge's assessment of plaintiff's subjective discomfort is consistent with the evidence of record. The court finds that the medical evidence clearly establishes that Mr. Meadows suffers from musculoskeletal impairments of a severity sufficient to cause the subjective problems alleged by Mr. Meadows in applying for benefits, and as described by plaintiff at the time of the administrative hearing. As outlined above, all of the physicians who have actually seen and treated Mr. Meadows have considered his symptoms to be consistent with the objective medical findings. No doctor has suggested that Mr. Meadows' complaints are overstated or in any way inconsistent with his medical history and clinical findings. The treating orthopaedic surgeon, Dr. Danisa, specifically opined that plaintiff's condition and related symptomatology are totally disabling in overall impact.[2] The court finds no evidence in support of the Administrative Law Judge's observation that "diagnostic testing has revealed minimal degenerative changes in his lumbar spine and has failed to provide objective support for an impairment that can reasonably produce the extent or intensity of the claimant's expression of subjective pain." (TR 15). Once again, all of the physicians who have actually seen Mr. Meadows

---

[2] In passing, the court notes that as a treating medical specialist, Dr. Danisa's opinions are entitled to greater weight, especially in comparison to the nontreating, state agency physicians. See 20 C.F.R. § 404.1527(d).

have offered diagnoses and prescribed medical regimens which are consistent with plaintiff's complaints of severe and debilitating pain.

The case of Craig v. Chater, 76 F.3d 585 (4th Cir. 1996) is commonly cited as setting forth the appropriate standard for review of social security pain cases. In Craig, the court commented as follows:

> Interpreting section 423(d)(5)(A), this court held that in order for pain to be found disabling, there must be objective medical evidence establishing some condition that could reasonably be expected to produce the pain alleged. Foster v. Heckler, 780 F.2d 1125, 1129 (4th Cir. 1986). However, while a claimant must show by objective evidence the existence of an underlying impairment that could cause the pain alleged, "there need not be objective evidence of the pain itself." Id. (quoting Green v. Schweiker, 749 F.2d 1066, 1070-71 (3d Cir. 1984)); accord Jenkins v. Sullivan, 906 F.2d 107, 108 (4th Cir. 1990) (explaining that § 423(d)(5)(A) requires "a claimant to show objective medical evidence of some condition that could reasonably be expected to produce the pain alleged, not objective evidence of the pain itself"); Hyatt III, 899 F.2d at 332 (stating that § 423(d)(5)(A) "requires objective medical evidence of an underlying condition that could reasonably produce the pain alleged"); Hatcher v. Secretary, Dept. of Health & Human Serv., 898 F.2d 21, 24 (4th Cir. 1989) ("[Section 423(d)(5)(A)] . . . requires medical evidence of an impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"); Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) ("[W]hile there must be medical evidence of some condition that could reasonably produce the pain, there need not be objective evidence of the pain itself or its intensity."); Gross, 785 F.2d at 1166 (upholding denial of benefits where evidence failed to show any abnormality which would explain claimant's pains). Under these cases, once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness, and effusion. See Jenkins, 906 F.2d at 109.

76 F.3d at 592-93(footnote omitted).

The Fourth Circuit applied its standard for the adjudication of pain cases in the more recent case of Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006):

8

> Having met his threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, Mr. Hines was entitled to rely exclusively on subjective evidence to prove the second part of the test, i.e., that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day. Mr. Hines did so by testifying that his illness and the resulting fatigue require him to lie down "half a day."

453 F.3d at 565 (footnotes omitted).

In passing, the court notes that the circumstantial evidence in this case strongly supports plaintiff's claim for benefits. Stated differently, there is no evidence which indicates that Mr. Meadows is a hypochondriac, or that he has overstated or misrepresented his pain symptoms. His earnings record reflects regular income in the years prior to the surgical procedure in May of 2007. Since his surgery, by the court's count, Mr. Meadows has sought treatment in at least three pain management programs and has applied for admission to a fourth. He has received at least two epidural steroid injections. He has undergone a bilateral medial branch block, and was prepared to undergo a second block until his physicians cancelled the procedure due to lack of success of the first. As noted by Dr. Vorenkamp, Mr. Meadows has "tried nonsteroidals and muscle relaxants including Flexeril, chiropractic treatment, and physical therapy treatment including stretching and icing as well as Neurontin recently with poor diminution of his low back pain." (TR 346). Plaintiff has undergone an extremely invasive lower back surgery, as well as a multitude of diagnostic tests in an attempt to identify and treat the cause of his lower back pain. He has recently stated his willingness to undergo a second, invasive surgical procedure. Simply stated, Mr. Meadows' case does not present a picture of a malingerer or a claimant motivated only by a desire for secondary gain.

In summary, the administrative record establishes that Mr. Meadows has a medical history which is not inconsistent with his complaints of severe and disabling pain. All of the doctors who have actually seen and treated plaintiff have offered diagnoses, and provided treatment measures, which are consistent with the existence of conditions which can produce severe and debilitating symptoms. Having established "the existence of an underlying impairment that could cause the pain alleged," Mr. Meadows is entitled to rely on the subjective evidence to prove that his pain is so continuous and/or severe as to prevent performance of substantial gainful activity. Hines v. Barnhart, supra, at 565. It is undisputed that plaintiff's testimony is descriptive of a totally disabling impairment. Mr. Meadows' disability has been confirmed by his treating orthopaedic surgeon. For these reasons, the court concludes that Mr. Meadows has met the burden in establishing his total disability for all forms of substantial gainful employment. Based on Dr. Danisa's treatment notes, the court further concludes that plaintiff has met the burden in establishing that he became disabled for all forms of substantial gainful employment on February 26, 2007, as alleged in his original application for benefits.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must, therefore, be denied. Upon the finding that the plaintiff has met the burden of proof as prescribed by and pursuant the Act for entitlement to disability insurance benefits, judgment will be entered in favor of plaintiff. The final decision of the Commissioner will be reversed, and the case remanded for the establishment of proper benefits. An order and judgment in conformity will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 7th day of September, 2010.

*/s/ Glen E. Conrad*

Chief United States District Judge